Anne R. Lawrence, Esq. Deputy County Attorney, Putnam County
You have asked whether the requirement of County Law, § 211(1), that the board of supervisors of each county publish their "proceedings" in a printed bound volume, includes the minutes of the board's meetings. It is our opinion that the printed proceedings should include certain portions of those minutes.
It is a well settled rule of statutory interpretation that statutes receive a reasonable construction (McKinney's Statutes, § 143). In defining the word "proceeding", Black's Law Dictionary, 5th Edition, describes the term as the "[r]egular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment". Webster's International Dictionary, 2d Edition, Unabridged, defines the plural of "proceeding" as: "Minutes of a society, board, etc.".
Section 211 (1) specifically mandates that the volume of "proceedings" include "all local laws" and "all resolutions" that are enacted or adopted during a year. (The section permits inclusion of other material such as reports and permits other material such as audits to be summarized.) A reasonable construction of the word "proceedings" is that it means a record of the regular and orderly progress of the board of supervisors' business. A report of such progress would ordinarily be noted in the "minutes" of the meetings. Black's Law Dictionary, 5th Edition, defines the term "minutes" as "[m]emoranda or notes of a transaction or proceeding". Thus, a reasonable construction of the language of section 211 (1) suggests that the essence of the minutes of meetings should be included in the printed volumes of the board's proceedings.
By "essence" we mean the minimum information necessary to establish the regularity of the transaction of business. This would include evidence of a quorum, notations of the introduction of legislation, amendments, votes on passage and the like. Details of debate, introduction of distinguished guests, and notations of similar occurrences could be omitted from the printed volume even though recorded in the minutes.
County Law, § 211 is analogous to Article 3, section 10, of the New York State Constitution, which requires that each house of the Legislature "keep a journal of its proceedings and publish the same, except such parts as may require secrecy". An examination of either an Assembly or Senate journal clearly illustrates that the journal entries are, in effect, minutes of legislative sessions which note the referencing and movements of legislation through legislative committees and the houses of the Legislature. It is our opinion that the proceedings to be published under County Law, § 211 (1) must include the same information that a legislative journal provides.
We conclude that the term "proceedings" in County Law, § 211 (1) includes such portion of the minutes of meetings of the board of supervisors as is necessary to establish the regularity of the transaction of business.